**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LOUIS SAMUELS,**

    **Plaintiff,**

v.                                  **CASE NO.:**

**LENNAR HOMES, LLC,**

    **Defendant.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Louis Samuels, by and through undersigned counsel, brings this action against Defendant, Lennar Homes, LLC, and in support of his claims states as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages for violations of 42 U.S.C. § 1981 ("Section 1981") and Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e et seq.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Orange County, Florida, which is in this district.

**PARTIES**

4. Plaintiff is a resident of Orange County, Florida.

5. Defendant operates a residential construction company in Orlando, in Orange County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. Plaintiff is a member of a protected class of persons under Section 1981.

10. Plaintiff is an employee whose rights to contract for employment, and enjoy the benefits of employment, are protected under Section 1981.

11. Under Section 1981, Defendant is an employer prohibited from interfering with any employee's contractual right to enjoy the same benefits, privileges, terms, and conditions of employment that all other employees of Defendant otherwise enjoy, regardless of the employee's race and/or color.

12. At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's protected rights under Section 1981.

13. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII.

14. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of Title VII.

## FACTS

15. Plaintiff is an African-American male.

16. Plaintiff began working for Defendant as a Construction Manager in February 2019 and he worked in this capacity until May 28, 2020.

17. When Plaintiff was hired, Plaintiff reported to Vice president of Construction Peter Bernard (Bernard), who is African-American.

18. For the year of 2019, while employed with Defendant, Plaintiff did not receive any counseling or coaching statements. However, Respondent will allege that there was an incident in January 2020, for which Bernard only verbally coached Plaintiff.

19. In February of 2020, Defendant, through Dominick English (English), who is Caucasian, and Anthony DeSimone (DeSimone), who is also Caucasian, transferred Bernard and installed Vice President of Construction Patrick Hails (Hails), who is also Caucasian, in Bernard's place so that Plaintiff now reported to Hails.

20. Also in or about February 2020, Defendant, through DeSimone, denied Plaintiff his bonuses and began taking job assignments from Plaintiff and giving them to the Caucasian Construction Manager, Eric Bachanov (Bachanov), who was also transferred into that Division at the same time as Hails replacing Bernard.

21. In April 2020, Plaintiff complained to Defendant's Human Resources in writing about the close friendship between Bachanov and English and the resulting discriminatory treatment he was receiving.

22. However, Defendant failed to act on Plaintiff's complaint and no remedial action was taken.

23. Plaintiff requested a transfer out of English's territory in May of 2020, which DeSimone denied, forcing Plaintiff to go above him. The request was later granted by Orlando Division President Brock Nicholas (Nicholas), who is Caucasian, and Plaintiff then reported to Vice President of Construction, Timothy MacFarlane, who is also Caucasian.

24. On or about May 28, 2020, Plaintiff was working as the Construction Manager at his job site when a county Electrical Inspector, Luiz Fernandes (Fernandes), who is Hispanic, approached and instantly ignored Plaintiff.

25. It is Plaintiff's job to inspect and ensure that work is in compliance with county requirements and building codes.

26. Instead of speaking with Plaintiff, Fernandes only spoke with Seniro Construction Manager Alfred Gonzalez (Gonzalez), who is Hispanic.

27. Plaintiff attempted to ask Fernandes questions about the deficiencies he was pointing out, however Fernandes ignored him and threw his open-hand up level to Plaintiff's face and switched to speaking Spanish to Gonzalez.

28. Fernandes was dismissive of Plaintiff and continued speaking Spanish with Gonzalez, who spoke Spanish back to Fernandes.

29. Plaintiff complained that Fernandes was being rude and disrespectful and Fernandes told Plaintiff, "Well, now you are talking shit."

30. Gonzalez told Plaintiff to leave and Plaintiff did so, clearly upset by the racist behavior of Fernandes and Gonzalez' failure to take any remedial action to stop Fernandes' racism towards Plaintiff.

31. Fernandes made a complaint with Defendant about Plaintiff and did not accurately report the incident.

32. Defendant seized the opportunity to finalize its own discrimination and retaliation of Plaintiff and terminated him on May 28, 2020.

33. Defendant did not issue any warning or other coaching for Plaintiff and, instead, skipped straight to terminating Plaintiff.

34. Other Caucasian Construction Managers of Defendants have had incidents or complaints with inspectors and have not been terminated by Defendant.

35. Bachanov, who is Caucasian, has had incidents with inspectors and has never been disciplined by Defendant and remains employed by Defendant.

36. One such incident occurred between Bachanov and inspector William Larder and no discipline followed.

37. On or about May 28, 2020, Defendant terminated Plaintiff's employment solely because of Plaintiff's race and color and because he engaged in protected activity by complaining to Defendant about the discrimination and disparate treatment.

## COUNT I – 42 U.S.C. § 1981 VIOLATION
## (RACEDISCRIMINATION)

38. Plaintiff realleges and readopts the allegations of Paragraphs 1-12 and and 15-37 of this Complaint, as though fully set forth herein.

39. Plaintiff is a member of a protected class of persons under Section 1981.

40. Plaintiff was subjected to disparate treatment by Defendant, based solely on Plaintiff's race.

41. The foregoing actions constitute unlawful discrimination, in violation of Section 1981.

42. Defendant's actions were willful and done with malice.

43. As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

44. Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

    (a) A jury trial on all issues so triable;

    (b) That process issue and that this Court take jurisdiction over the case;

(c) Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Punitive damages;

(f) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## COUNT II — 42 U.S.C. § 1981 VIOLATION
## (RETALIATION)

45. Plaintiff realleges and readopts the allegations of Paragraphs 1-12 and 15-37 of this Complaint, as though fully set forth herein.

46. Plaintiff is a member of a protected class of persons under Section 1981.

47. By making a complaint with Defendant, Plaintiff engaged in protected activity under Section 1981.

48. Defendant retaliated against Plaintiff for engaging in protected

activity under Section 1981 by terminating Plaintiff's employment.

49. Defendant's actions were willful and done with malice.

50. Defendant's retaliation was based solely on Plaintiff's exercise of his right to resist and oppose unlawful discrimination and harassment, which is protected under Section 1981.

51. As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

52. Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Punitive damages;

    (f)    Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

    (g)    Prejudgment interest on all monetary recovery obtained;

    (h)    All costs and attorney's fees incurred in prosecuting these claims; and

    (i)    For such further relief as this Court deems just and equitable.

### COUNT III – TITLE VII VIOLATION
### (DISCRIMINATION)

53. Plaintiff realleges and readopts the allegations of paragraphs 1-8 and 13-37 of this Complaint, as though fully set forth herein.

54. Plaintiff is a member of a protected class under Title VII.

55. Plaintiff was subjected to disparate treatment on the basis of his race and color.

56. Defendant knew or should have known of the disparate treatment suffered by Plaintiff, and failed to intervene or to take prompt and effective remedial action in response.

57. Defendant's actions were willful and done with malice.

58. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

    a)    A jury trial on all issues so triable;

    b) That process issue and that this Court take jurisdiction over the case;

    c) An injunction restraining continued violation of Title VII by Defendant;

    d) Compensation for lost wages, benefits, and other remuneration;

    e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

    f) Any other compensatory damages, including emotional distress, allowable at law;

    g) Punitive damages;

    h) Prejudgment interest on all monetary recovery obtained.

    i) All costs and attorney's fees incurred in prosecuting these claims; and

    j) For such further relief as this Court deems just and equitable.

## COUNT IV – TITLE VII RETALIATION

59. Plaintiff realleges and readopts the allegations of paragraphs 1-8 and 13-37 of this Complaint, as though fully set forth herein.

60. Plaintiff is a member of a protected class under Title VII.

61. Plaintiff exercised or attempted to exercise his rights under Title VII, thereby engaging in protected activity under Title VII.

62. Defendant retaliated against Plaintiff for engaging in protected activity under Title VII by terminating his employment.

63. Defendant's actions were willful and done with malice.

64. In terminating his employment, Defendant took material adverse action against Plaintiff.

65. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and that this Court take jurisdiction over the case;

    c) That this Court enter a declaratory judgment, stating that Defendant retaliated against Plaintiff for exercising rights under Title VII;

    d) That this Court enter an injunction restraining continued violation of Title VII by Defendant;

    e) Compensation for lost wages, benefits, and other remuneration;

    f) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

    g) Front pay;

  h)  Any other compensatory damages, including emotional distress, allowable at law;

  i)  Punitive damages;

  j)  Prejudgment interest on all monetary recovery obtained.

  k)  All costs and attorney's fees incurred in prosecuting these claims; and

  l)  For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 9th day of April, 2021.

        Respectfully submitted,

        */s/ Brandon J. Hill*
        BRANDON J. HILL
        Florida Bar Number: 0037061
        Direct Dial: 813-337-7992
        AMANDA E. HEYSTEK
        Florida Bar Number: 0285020
        Direct Dial: 813-379-2560
        WENZEL FENTON CABASSA, P.A.
        1110 N. Florida Avenue, Suite 300
        Tampa, Florida 33602
        Main Number: 813-224-0431
        Facsimile: 813-229-8712
        Email: bhill@wfclaw.com
        Email: aheystek@wfclaw.com
        Email: aketelsen@wfclaw.com
        Attorneys for Plaintiff